# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JAMES K. BRYANT,  :
        **Plaintiff,**  :
        v.  :      Civil Action No. 09-1063 (GK)
PEPCO,  :
        **Defendant.**  :

## MEMORANDUM OPINION

Defendant, PEPCO, has filed a Motion for an Order to Show Cause why Plaintiff's counsel, Nathaniel Johnson, should not be sanctioned, pursuant to Fed. R. Civ. P. 11(c). Upon consideration of the Motion, the Response, the Reply, the record in this case, and the applicable case law, the Court concludes that the Motion should be **denied**.

A fairly detailed chronology of events is necessary in order to fully understand the Court's ruling.

**June 4, 2009**: The Complaint is filed.

**January 14, 2011**: Discovery was scheduled to close.

Plaintiff requested Defendant's consent for a 30-day extension of the discovery deadline; Defendant agreed; Plaintiff failed to make a timely motion and on January 5, 2011, Defendant filed a Motion for Enlargement of Time.

**January 6, 2011**: The Motion was granted; discovery was set to close on **February 14, 2011**, and a Status Conference was set for February 16, 2011.

**January 31, 2011**: Plaintiff moved to enlarge the period of discovery to March 15, 2011 indicating that he "anticipated I will depose up to four witnesses." Pl.'s Mot. at 1, n. 1.

**February 1, 2011**: PEPCO opposed the Motion.

**February 7, 2011**: Plaintiff replied to Defendant's opposition.

**February 15, 2011**: Plaintiff's counsel notified PEPCO and the Court that he could not attend the Status Conference scheduled for February 16, 2011 because of illness and requested a continuance which was granted. The Status Conference was continued to **February 23, 2011**.

**February 23, 2011**: At the rescheduled Status Conference, the Court granted Plaintiff's January 31, 2011 Motion to Enlarge the discovery period until **March 15, 2011**.

**February 25, 2011**: Plaintiff's counsel asked Defendant to identify available dates and times for the depositions of two of its employees. PEPCO's counsel responded immediately stating that she hoped to have a response by Monday, February 28, 2011.

**February 28, 2011**: The scheduled deposition of Dr. Michael Rose, Ph.D., Plaintiff's treating psychologist, went forward as ordered by the Court. Plaintiff's counsel did not appear at the deposition, but participated by telephone from his office in Virginia Beach.

**March 1, 2011**: Defendant responded with available dates and times for the two depositions requested by Plaintiff and suggested that both depositions take place on March 10, 2011. Plaintiff's counsel never responded to that communication.

**March 1, 2011**: Plaintiff's counsel served by e-mail a Rule 30(b)(6) Notice of Deposition for PEPCO.

**March 3, 2011**: Counsel for PEPCO prepared and served objections to that Notice. PEPCO also identified three Rule 30(b)(6) witnesses for the various topics covered in the Rule 30(b)(6) Notice, and proposed dates and times for those depositions to go forward, namely, on March 10, 2011 and March 15, 2011. Plaintiff's counsel never responded.

**March 3, 2011**: Defendant's counsel requested, in writing, that by the end of the day, Plaintiff's counsel indicate whether he intended to go forward with the depositions scheduled for March 10, 2011. Plaintiff's counsel did not respond at all until the morning of March 4, 2011, and at that point stated only that he had been out of town and would respond by the end of the day. He did not do so.

**March 7, 2011**: Plaintiff's counsel sent his first demand for settlement. Defendant made a counteroffer. Plaintiff made a second demand for settlement in which he stated that he would "forego the depositions on Thursday and Tuesday" if PEPCO agreed to his settlement demand. Def.'s Mot., Ex. 7. Defendant refused. Plaintiff's counsel never did identify any time or place for the depositions which were scheduled to go forward on March 10, 2011.

**March 10, 2011**: The previously scheduled depositions did not go forward. Defendant's counsel wrote to Plaintiff's counsel saying she needed to know by the end of the day whether he intended to go forward with the Rule 30(b)(6) depositions scheduled for March 15, 2011, in order to determine how to proceed with witness preparation. Def.'s Mot., Ex. 9. Plaintiff's counsel wrote back almost immediately that he did not intend to go forward with the March 15, 2011 depositions.

**March 15, 2011**: Discovery closed. Plaintiff had deposed no one.

Defendant asks the Court to enter an Order imposing sanctions against Plaintiff's counsel, pursuant to Rule 11(c), on the ground that Plaintiff's Motion to Enlarge Discovery, filed January 31, 2011, was filed "for a dilatory purpose and to cause unnecessary increase in litigation costs." Def.'s Mot. at 8.

Rule 11(b)(1) proscribes the filing of a written motion by an attorney "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

If such a motion is filed, Rule 11(c)(1) gives the court discretion to "impose an appropriate sanction." In short, "[t]he court retains the discretion to determine 'whether a Rule 11 violation has occurred and what sanctions should be imposed if there has been a violation,'" Roca v. District of Columbia, 2005 WL 681462, *7 (D.D.C. Mar. 14, 2005), quoting Long v. Dept. of Justice, 207 F.R.D. 4 (D.D.C. 2002).

Imposition of Rule 11 sanctions on an attorney is a very serious matter. As the U.S. Court of Appeals for the Federal Circuit, as well as other circuits, have recognized, "a judicial reprimand is likely to have a serious adverse impact upon a lawyer's professional reputation and career. A lawyer's reputation is one of his [or her] most important professional assets. Indeed, such a reprimand may have a more serious adverse impact upon a lawyer than the imposition of a monetary sanction." Precision Spec. Metals, Inc. v. United States, 315 F.3d 1346, 1352-53 (Fed. Cir. 2003).

With this in mind, the Court notes the following. It took approximately one and a half years from the filing of the Complaint until January 31, 2011, when Plaintiff sought an enlargement of the discovery period for one month, from February 14, 2011, to March 15, 2011. In his Motion, he indicated that he anticipated depositions of up to four witnesses. That motion was granted on February 23, 2011. Thereafter, on February 25, 2011, a mere two days after obtaining permission to enlarge the discovery period, Plaintiff's counsel asked Defendant to identify available dates and times for the depositions of two of its employees. On February 28, 2011, the previously scheduled deposition of Plaintiff's treating psychologist, Dr. Michael Rose, went forward as ordered by the Court on February 23, 2011. Interestingly, Plaintiff's counsel did not appear at that deposition, but simply participated by telephone from his Virginia Beach office. The day after that deposition, in

light of the approaching discovery deadline of March 15, 2011, Plaintiff's counsel served Defendant with notices of depositions.

Plaintiff explains that the deposition of Dr. Rose produced testimony that was extremely unfavorable to his client. Indeed, that testimony severely undercut the merits of Plaintiff's lawsuit. PEPCO totally agrees with that assessment of Dr. Rose's testimony. After realizing how unfavorable Dr. Rose's deposition testimony was, Plaintiff's counsel contacted his client to discuss the situation. After conferring with his client, on March 7, 2011, Plaintiff's counsel sent Defendant his first settlement demand -- only seven days after Dr. Rose's testimony.

Several things are clear from this recitation of the facts. First, when Plaintiff filed the Motion to Enlarge the Discovery Period, on January 31, 2011, he could not have possibly known that the deposition of Dr. Rose, which occurred one month later on February 28, 2011, would produce such unfavorable results for his client. Second, after that unfortunate testimony, Plaintiff's counsel, for strategic reasons and presumably with the permission of his client, immediately sent a settlement demand to Defendant. A one week period of time between Dr. Rose's deposition and the communication of a settlement demand does not constitute "undue delay." Given the fact that compliance with Rule 11's duties "is measured as of the time the document is signed," Childs v. State Farm Mut. Auto Ins. Co., 29 F.3d 1018, 1024 (5th Cir. 1994), there is simply no evidence from which to conclude, with any degree of certainty, that when Plaintiff's counsel filed the Motion to enlarge the discovery period on January 31, 2011, he had the "improper purpose" to "cause unnecessary delay, or needlessly increase the cost of litigation" proscribed in Rule 11(b)(1), and thus does not merit "the 'extreme punishment' of Rule 11 sanctions. Naegele v. Albers, __ F. Supp.2d __ (D.D.C. 2005), 2005 WL 13294 at *6 (citing Trout v. Garrett, 780 F. Supp. 1396, 1428 (D.D.C.

1991))," Roca, supra, at *7. Defendant's claim that Plaintiff's counsel had such a purpose when he filed that Motion on January 31, 2011, is speculative and without hard evidence to back it up.

Having said all of that, the Court wishes to make very clear that the conduct of Plaintiff's counsel throughout this litigation has been extremely unprofessional and uncooperative. Defendant's frustration with the pace of this case is understandable. Plaintiff's counsel has requested numerous extensions of time, he has at the last minute informed the Court that he could not appear at pre-scheduled status conferences, he has not filed papers on time, he has been extremely uncivil with opposing counsel by virtue of failing to return calls, failing to indicate whether depositions would go forward, and failing to respond to efforts of opposing counsel to nail down the necessary details for completing discovery. Indeed, at one point after a Status Conference, the Court called Plaintiff's counsel to the Bench and warned him that such dilatory conduct would no longer be tolerated. While Plaintiff's counsel has proffered different excuses at different times for his conduct, the Court has serious concerns about his ability to effectively and efficiently litigate this case on behalf of his client.

For the reasons stated, the Court concludes that the evidence does not warrant imposition of sanctions and, therefore, Defendant's Motion for an Order to Show Cause and Request for Sanctions is **denied**.

September 15, 2011 /s/
Gladys Kessler
United States District Judge

**September 15, 2011Copies via ECF to all counsel of record**