UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JAMES K. BRYANT                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Civil Action No. 09-1063
                                   )
PEPCO                              )
                                   )
        Defendant.                 )
                                   )
_____)

**MEMORANDUM OPINION**

Plaintiff James K. Bryant, an African American man, brings suit against his former employer Defendant, Potomac Electric Power Company ("Pepco"), under Title VII of the Civil Rights Act, 42 U.S.C. § 1981. This matter is presently before the Court on Defendant's Motion for Summary Judgment pursuant("Def. Mot.")[Dkt. No. 46]. Upon consideration of the Motion, Opposition, and Reply, and the entire record herein, Defendant's Motion for Summary Judgment is **granted in its entirety**.

**I. BACKGROUND**[1]

From April 1974 until his retirement on March 1, 2008, Plaintiff was employed by Defendant, most recently as a "Lead Cable Splicer Mechanic." Statement of Material Facts as to Which There is

---

[1] The facts set forth herein are drawn from the parties' statements of material facts submitted pursuant to Local Rule 7(h), the briefs, and the evidence in the record.

No Genuine Factual Dispute ¶ 1 ("Def. Stmt. of Facts")[Dkt. No. 46-2]. For a time prior to 2005, Plaintiff assumed temporary supervisory duties in Pepco's Underground High Voltage ("UGHV") Department, which lacked a supervisor. Def. Mot. 2. As a result of performing these duties, Plaintiff received a daily upgrade to Pay Grade 20. Def. Stmt. of Facts ¶ 12. Plaintiff understood that the pay upgrade would end once a permanent supervisor was hired. Id. ¶ 4.[2]

In 2005, Defendant decided to hire a permanent supervisor for the UGHV Department. Id. ¶ 13. Plaintiff's supervisor, Carol Murphy, Manager - Shops & Test, encouraged Plaintiff to apply for the position, but he declined to do so. Id. ¶ 14. In November 2005, Defendant hired a permanent Supervisor, an African-American employee named Sean Parran, for the UGHV Department. Id. ¶ 13. However, Plaintiff, who was still working in the UGHV Department, continued to request a daily Pay Grade 20 increase. Id. ¶ 15. On December 18, 2006, Murphy informed Plaintiff that he must stop putting in for the Pay Grade 20 increase. Id. ¶ 19.

On April 18, 2006 and August 9, 2006, Plaintiff took part in informal meetings between African-American employees working as Underground Lines and Underground High Voltage Leads ("African-

---

[2] Plaintiff did not respond to or otherwise include this statement in his statement of genuine issues of material fact in dispute. See Plaintiff's Statement of Genuine Issues of Material Facts in Dispute [Dkt. No. 48-2]. The Court assumes that, by not disputing this fact, Plaintiff is conceding its accuracy.

American Leads") and white Pepco management officials Reginald McCauley and Ronald Marth. James Bryant Affidavit ¶ 5 ("Bryant Affidavit"), Ex. 1 to Pl. Opp'n [Dkt. No. 47-1]. Plaintiff claims, and Defendant denies, that the meetings were held to discuss discriminatory treatment experienced by the African-American Leads. Pl. Opp'n 4; Def. Reply 2-3.

Plaintiff filed his initial Complaint on June 4, 2009, which he amended on July 15, 2009 and September 22, 2009. In his Second Amended Complaint, Plaintiff raised five counts of alleged violation of Section 1981 [Dkt. No. 14] . On August 9, 2010, this Court granted Defendant's Motion to Dismiss as to Counts 3-5 and denied it as to Counts 1-2 [Dkt. No. 25].

On April 12, 2011, Defendant filed a Motion for Summary Judgment. On May 12, 2011, Plaintiff filed an Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp'n") [Dkt. No. 47]. On June 1, 2011, Defendant filed a Reply in Support of Its Motion for Summary Judgment ("Def. Reply") [Dkt. No. 49].

**II. Standard of Review**

Summary judgment may be granted "only if" the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c), as amended; Arrington v. United States, 473 F.3d 329, 333 (D.C. Cir. 2006). In other words, the moving party must

satisfy two requirements: first, that there is no "genuine" factual dispute and, second, if there is, that it is "material" to the case. "A dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" Arrington, 473 F.3d at 333 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)). A fact is "material" if it might affect the outcome of the case under the substantive governing law. Liberty Lobby, 477 U.S. at 248.

In Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007), the Supreme Court said,

> [a]s we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.Ed.2d 538 . . . (1986) (footnote omitted). "'[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'"

(quoting Liberty Lobby, 477 U.S. at 247-48) (emphasis in original).

However, the Supreme Court has also consistently emphasized that "at the summary judgment stage, the judge's function is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for

trial." Liberty Lobby, 477 U.S. at 249. In both Liberty Lobby and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150, 120 S. Ct. 2097 (2000), the Supreme Court cautioned that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, are jury functions, not those of a judge" deciding a motion for summary judgment. Liberty Lobby, 477 U.S. at 255.

In assessing a motion for summary judgment and reviewing the evidence the parties claim they will present, "[t]he non-moving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552, 119 S. Ct. 1545 (1999) (quoting Liberty Lobby, 477 U.S. at 255). The non-movant must, however, "do more than present conclusory allegations . . . [rather] concrete particulars must be presented . . . ." Kalekiristos v. CTS Hotel Mgmt. Corp., 958 F. Supp. 641, 645 (D.D.C. 1997) (internal quotations and citation omitted). "To survive a motion for summary judgment, the party bearing the burden of proof at trial . . . must provide evidence showing that there is a triable issue as to an element essential to that party's claim." Arrington, 473 F.3d at 335. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548 (1986)."[I]f the evidence presented on a dispositive issue is subject to conflicting interpretations, or reasonable persons might differ as to its significance, summary judgment is improper." United States v.

Philip Morris USA, 316 F. Supp. 2d 13, 16 (D.D.C. 2004) (quoting Greenberg v. FDA, 803 F.2d 1213, 1216 (D.C. Cir. 1986)).

### III. Analysis

Defendant has moved for summary judgment on the remaining Counts in Plaintiff's Second Amended Complaint: Count 1, discrimination based upon race, and Count 2, retaliation based upon race. Plaintiff does not oppose Defendant's motion for summary judgment on Count 1. Pl. Opp'n 1 n.1. Summary judgment is, therefore, **granted** on this Count. Lytes v. DC Water and Sewer Auth., 572 F.3d 936, 943 (D.C. Cir. 2009). The Court will now turn to Defendant's motion for summary judgment on Count 2.

#### A. Count 2 - Retaliation Based Upon Race

Plaintiff claims he was retaliated against on December 18, 2006 when Carol Murphy notified him he could no longer request a Pay Grade 20 increase, removed his supervisory duties, and subsequently reassigned his other duties and responsibilities to a white Pepco employee. Pl. Opp'n 1-2. Plaintiff argues that Murphy took these actions in response to his participation in the April and August 2006 meetings between African-American Leads and Pepco management. Id. Plaintiff claims that Murphy learned of these meetings because her manager, Reginald McCauley, was a participant in them. Id. at 5.

In response, Defendant argues that Plaintiff has provided no details about the April and August 2006 meetings, and offered no

evidence that Murphy was even aware that Plaintiff participated in these meetings and/or retaliated against him for these activities. Def. Mot. 23.

To establish a prima facie case of retaliation under Section 1981, plaintiff must show that "(1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action by her employer; and (3) a causal connection existed between the two." Wiley v. Glassman, 511 F.3d 151, 155 (D.C. Cir. 2007). "The causal connection component of the prima facie case may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity." Mitchell v. Baldrige, 759. F.2d 80, 86 (D.C. Cir. 1985). Action which occurs more than three or four months after the protected activity is not likely to qualify for such a causal inference. See Clark County School Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508 (2001)(per curiam)(citing with approval circuit cases finding three and fourth months to be too temporally remote to establish causation). In this case, at least four months elapsed between the alleged protected activity and the adverse personnel actions.

Plaintiff has failed to provide any evidence whatsoever that Pepco retaliated against him because he engaged in protected activity. Even assuming that Plaintiff could prove that the April and August 2006 meetings constituted protected activities,

Plaintiff has provided no evidence showing that McCauley informed Murphy about these meetings,[3] that Murphy was otherwise aware of Plaintiff's involvement in these discussions, or that Murphy retaliated against Plaintiff because of his participation in these activities.[4]

By contrast, Defendant has provided unchallenged evidence that Murphy was not, in fact, aware of the April and August 2006 meetings or Plaintiff's involvement in those discussions. Declaration of Carol Murphy ¶ 12, Ex. B to Def. Mot. [Dkt. No. 46-5].[5] Therefore, Plaintiff has failed to rebut Defendant's affidavit from Carol Murphy, stating under oath that she had no knowledge about what was discussed at the meetings or that the meetings even took place. Thus, "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," i.e. Plaintiff. Matsushita Elec. Industrial Co., 475 U.S. at 587. In short, no "reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory

---

[3] In 2005, Murphy asked Plaintiff to apply for the permanent supervisor position and he chose not to.

[4] In support of his Opposition to Summary Judgment, Plaintiff has provided two affidavits, one from himself and the other from a co-worker, Randy Daniels. Both affidavits contain very little information regarding the April and August 2006 meetings and contain no evidence as to whether Murphy was aware of Plaintiff's participation in these meetings. See Bryant Affidavit; Randy Daniels, Ex. 2 to Def. Mot. [Dkt. No. 47-2].

[5] Plaintiff asks us to assume that Murphy must have learned of the meetings because her supervisor McCauley attended them.  No evidence in the record supports such pure speculation.

[or retaliatory] reason." <u>Holcomb v. Powell</u>, 433 F.3d 889, 896-97 (D.C. Cir. 1996).

For the foregoing reasons, the Court **grants** Defendant's Motion for Summary Judgment on Count 2.

**IV. Conclusion**

For all the reasons stated herein, Defendant's Motion for Summary Judgment is **granted in its entirety**. An Order will accompany this Memorandum Opinion.

November 1, 2011

/s/
Gladys Kessler
United States District Judge